UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAMEL THEODORE TROY,<br><br>Plaintiff,<br><br>v.<br><br>GARY LEWIS, et al.,<br><br>Defendants. | CAUSE NO. 3:24-CV-275-CCB-AZ |

**OPINION AND ORDER**

Ramel Theodore Troy, a prisoner without a lawyer, is proceeding in this case on ten claims: (1) against Officers Shawn Baity and Gwendolyn Bell "for refusing to provide Troy with breakfast meals from September 1, 2022 to September 23, 2022;" (2) against Officer Shane Motshagen "for refusing to provide Troy with lunch and dinner meals from September 1, 2022 to September 23, 2022;" (3) against Officer Brandon Williams "for denying Troy access to water in his cell from September 1, 2022 to September 23, 2022;" (4) against Mental Health Counselor Michelle Boren "for denying Troy mental health treatment in October 2022;" (5) against Officer Motshagen "for using excessive force against Troy when he hog tied Troy with shackles and handcuffs, and placed him in a state van on November 13, 2022;" (6) against Officer Brandon Williams "for using excessive force against Troy when he hog tied Troy with shackles and handcuffs, and placed him in a state van where he assaulted Troy on November 13, 2022;" (7) against Nurse Sandra Allen "for being deliberately indifferent

to his requests for medical treatment following the November 13, 2022, assault;" (8) against Captain Gary Lewis "for housing Troy in an unsanitary cell contaminated with urine and feces from November 13, 2022 to September 2023;" (9) against Nurse Nicole Bridegroom "for denying him pain medication in December 2022;" and (10) against Captain Lewis "for denying him a shower chair from November 28, 2022 to March 9, 2023[.]" ECF 39 at 16-17; ECF 69 at 9.

Captain Lewis and Officers Baity, Bell, Motshagen, and Williams (the state defendants) filed a motion for summary judgment, arguing Troy did not exhaust his available administrative remedies before he filed this lawsuit. ECF 75. Nurse Allen and Mental Health Counselor Boren (the medical defendants) filed a separate motion for summary judgment, also arguing Troy did not exhaust his available administrative remedies. ECF 82. Nurse Bridegroom has withdrawn her exhaustion defense, so the claim against her is not at issue in these motions. ECF 81. Troy filed a response to the state defendants' summary judgment motion, but did not file a response to the medical defendants' summary judgment motion. ECF 93. Both sets of defendants filed replies. ECF 94, 95. Troy then filed a motion for leave to file a sur-reply. ECF 100.[1] Both summary judgment motions are now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

[1] In his sur-reply, Troy responds to an argument first raised by the state defendants in their reply. The court therefore grants his motion for leave and considers the sur-reply in ruling on the summary judgment motions.

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is

not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF) and Troy's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at WCF which required inmates to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 75-1 at 2; ECF 75-2 at 3. If an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 75-2 at 9.

The Grievance Specialist attests that Troy submitted one grievance relevant to his claim that he was denied access to a shower chair, and did not submit any grievances relevant to the other claims addressed by these motions. ECF 75-1 at 6-8. Specifically, Troy complained in Grievance 147792 that he was being denied access to a shower chair. ECF 75-4 at 11. The grievance office denied this grievance and Troy appealed,

stating explicitly on his appeal form that Captain Lewis had denied him access to a shower chair. *Id.* at 6, 9. The warden denied Troy's Level I appeal and Troy appealed that decision to the Department Grievance Manager, fully exhausting the grievance. *Id.* at 1.

The state defendants argue that Grievance 147792 does not exhaust Troy's claim against Captain Lewis because he did not identify Captain Lewis in the initial grievance as the person responsible for denying him a shower chair. The purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Although a grievance need not name every potential defendant, it must provide enough information about the alleged misconduct and the individuals involved to permit prison officials to investigate and resolve the problem. *Jackson v. Esser*, 105 F.4th 948, 959-60 (7th Cir. 2024). An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint." *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021).

In *Jackson*, the court held that grievances identifying one officer's refusal to restore running water did not exhaust claims that several other staff members were also deliberately indifferent to the lack of water, as the grievances did not give the prison notice of those other individuals' involvement. 105 F.4th at 960. Here, by contrast, Troy's initial grievance complained that prison staff were refusing to provide him with a shower chair, and his Level I appeal expressly identified Captain Lewis as responsible for that same deprivation. ECF 75-4 at 6, 9, 11. The appeal clarified who was responsible for the problem already raised in the grievance; it did not introduce a different incident

or type of misconduct. Troy then pursued the grievance through the final level of administrative review. *Id.* at 1. Prison officials thus had notice of both the deprivation and Captain Lewis's alleged involvement, and an opportunity to address the problem before litigation. Grievance 147792 is sufficient to exhaust Troy's shower-chair claim against Captain Lewis.

Regarding the other eight claims addressed by these summary judgment motions, the Grievance Specialist attests that Troy never submitted any relevant grievance. ECF 75-1 at 6-8. In his response, Troy disputes this only as to the claims that he was deprived of food and water in September 2022. He attests that he submitted a grievance about those deprivations on September 11, 2022, by placing it in his mailbag, but never received a response from the grievance office. ECF 93-1 at 2-4; ECF 100 at 4. In their reply, the state defendants argue that, even accepting Troy's account, he did not follow up with a written notification to the Grievance Specialist.

The Offender Grievance Process required Troy to notify the Grievance Specialist in writing when ten business days passed without a receipt or rejection of his grievance. ECF 75-2 at 9. An inmate must pursue an available procedure for inquiring about a grievance or appeal that appears not to have been received. *See Lockett*, 937 F.3d at 1027 (holding that an inmate who received no receipt for his administrative appeal failed to exhaust because he did not use the available procedure to inquire about the missing receipt); *Rambo v. Smiley*, No. 3:18-CV-740-JD-MGG, 2020 WL 1157865, at *4 (N.D. Ind. Mar. 10, 2020) (granting summary judgment because the inmate did not provide

evidence that he notified the Grievance Specialist of the lack of a response to his grievance).

In his sur-reply, Troy concedes he never submitted a written notification to the Grievance Specialist. He argues he was incapable of complying with that requirement because he was hospitalized on September 25, 2022, and then placed in the prison infirmary, where he was unable to care for himself for several months. ECF 100 at 4-6. A remedy is unavailable to a prisoner who is physically unable to pursue it. *Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011). But temporary incapacity does not excuse a prisoner from pursuing a remedy that remains available once he is able to use it. *See id.* (requiring evidence that the prisoner filed his grievance as soon as reasonably possible).

Even accepting that Troy was temporarily unable to pursue administrative remedies during his hospitalization and recovery, the undisputed grievance records establish that he submitted and exhausted his shower-chair grievance in November 2022. ECF 75-4 at 1, 6, 9, 11. Thus, his medical condition did not prevent him from using the grievance process throughout the period he describes. The policy imposed no deadline for notifying the Grievance Specialist that a previously submitted grievance had gone unanswered. ECF 75-2 at 9. Troy could therefore have submitted that notification when he was able to pursue the shower-chair grievance, and he identifies no obstacle that prevented him from doing so then or afterward, before filing this lawsuit in March 2024. His temporary incapacity does not excuse his failure to take that available step. Accordingly, even accepting that Troy submitted the September 11

grievance, he did not exhaust his available remedies concerning the denial of food and water.

As to the remaining five claims addressed by these summary judgment motions, Troy does not dispute that he submitted no relevant grievances. ECF 93, 93-1, 93-2. His explanation for failing to follow up on the September grievance does not identify an impediment to grieving these separate incidents. ECF 100 at 4-6. The defendants have therefore shown that Troy did not exhaust his available administrative remedies as to those claims.

Accordingly, the state defendants are entitled to summary judgment on all claims against them except the shower-chair claim against Captain Lewis, and the medical defendants are entitled to summary judgment on the claims against Nurse Allen and Mental Health Counselor Boren. The unexhausted claims must be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Troy's claim against Nurse Bridegroom remains pending because she has withdrawn her exhaustion defense.

For these reasons, the court:

(1) **GRANTS** Troy's motion for leave to file a sur-reply (ECF 100);

(2) **DENIES** the state defendants' motion for summary judgment (ECF 75) as to Troy's claim against Captain Lewis for denying him a shower chair from November 28, 2022 to March 9, 2023, but **GRANTS** the motion as to all other claims against the state defendants;

(3) **GRANTS** the medical defendants' motion for summary judgment (ECF 82) as to the claims against Nurse Sandra Allen and Mental Health Counselor Michelle Boren;

(4) **DISMISSES WITHOUT PREJUDICE** the claims against Mental Health Counselor Michelle Boren, Nurse Sandra Allen, and Officers Shawn Baity, Gwendolyn Bell, Shane Motshagen, and Brandon Williams, and the claim against Captain Gary Lewis for housing Troy in an unsanitary cell from November 13, 2022 to September 2023;

(5) **DISMISSES** Mental Health Counselor Michelle Boren, Nurse Sandra Allen, and Officers Shawn Baity, Gwendolyn Bell, Shane Motshagen, and Brandon Williams from this lawsuit; and

(6) **REMINDS** the parties that this case is proceeding only on Troy's remaining claims:

a. against Captain Gary Lewis for denying him a shower chair from November 28, 2022 to March 9, 2023, in violation of the Eighth Amendment; and

b. against Nurse Nicole Bridegroom for denying him pain medication in December 2022, in violation of the Eighth Amendment.

SO ORDERED on November 10, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT